IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01022-ZLW

LEON K. GLADWELL,
Plaintiff,

v.

RANDY SCOFIELD, and
STERLING CORRECTIONAL FACILITY,
Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Leon K. Gladwell has filed *pro se* on July 28, 2005, a letter to the Court in which he asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on July 25, 2005. The Court must construe the letter liberally because Mr. Gladwell is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed liberally as a motion to reconsider. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Gladwell filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because Mr. Gladwell failed either to pay the initial partial filing fee or to show cause why he was unable to pay the initial partial filing fee. Mr. Gladwell alleges in the liberally construed motion to reconsider that he never received the Court's order directing him to pay an initial partial filing fee.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Gladwell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Gladwell does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The order that Mr. Gladwell alleges he never received was not returned to the Court undelivered. Furthermore, the Court dismissed the instant action without prejudice. Therefore, Mr. Gladwell may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the letter to the Court filed on July 28, 2005, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this __4__ day of ___Aug___, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-01022-ZLW

Leon K. Gladwell
Reg. No. 97783
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/5/05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk